

FILED by GM D.C.
ELECTRONIC
September 29, 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

## 09-CIV-22928-MARTINEZ/BROWN

DAIKIN AC (AMERICAS), INC.,
f/k/a Daikin U.S. Corporation,
a Delaware Corporation,

    Plaintiff,

v.

EASTERN NATIONAL
HOLDINGS, INC. d/b/a EASTERN
NATIONAL BANK,
a Florida Corporation,

    Defendant.

_____/

## COMPLAINT

Plaintiff DAIKIN AC (AMERICAS), INC. ("DACA" or "Company") f/k/a Daikin U.S. Corporation, sues Defendant EASTERN NATIONAL HOLDINGS, INC. d/b/a EASTERN NATIONAL BANK ("ENB") and alleges the following:

1. This is an action for damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. DACA is a Delaware corporation with its principal place of business in Carrollton, Texas. Daikin has never opened or owned an account at ENB.

3. ENB is a Florida corporation with its principal place of business in Miami-Dade County, Florida. ENB conducts substantial business in Florida and has offices, agents and representatives in Miami-Dade County, Florida.

SQUIRE, SANDERS & DEMPSEY L.L.P.

4. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1) because the matter involves citizens of different States, and because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5. ENB has submitted itself to the jurisdiction of the courts in the State of Florida because, among other things, it:

   a. is a Florida corporation, and has operated, conducted, engaged in, or carried on a business or business venture in this State and has an office or agency in this State;

   b. committed a tortious act within this State; and

   c. is engaged in substantial and not isolated activity within this State.

6. Venue is proper pursuant to 28 U.S.C. § 1391(a) because ENB's principal place of business is in the Southern District of Florida, and a substantial part of the events or omissions giving rise to the claims alleged occurred in the Southern District of Florida.

## FACTUAL BACKGROUND

### A. Paris Alejandro Cabezas' Employment at DACA

7. Daikin is a Japanese manufacturer of commercial and residential air conditioning equipment. Paris Alejandro Cabezas ("Cabezas") joined DACA as a temporary employee. Thereafter, Cabezas became a full time DACA employee until February 9, 2007 when he resigned.

8. While employed, Cabezas was involved in DACA's accounting department for its Latin American Operations ("LAO") headquartered in Miami. Throughout his employment at DACA, Cabezas had no authority to write checks on DACA's behalf, and was not an authorized signatory for DACA.

B. **DACA'S LAO Operation**

9. During the relevant time period, DACA's LAO was a relatively new and small division within the Company, with approximately 5 to 7 employees.

10. DACA employed a pre-payment policy for its LAO. That policy required customers to send payment to DACA's LAO's Miami office for any merchandise ordered at least thirty (30) days prior to the estimated ship date.

11. Once received, the payments were posted in the accounting system as a debit to "cash" and a credit to "advance receipts – LAO."

12. Prior to shipping the merchandise, DACA's sales department would confirm with DACA's LAO that indeed payment had been received. This confirmation, along with the relevant check or wire number, was required before merchandise could be shipped.

11. While employed at DACA, Cabezas conceived of and instituted an embezzlement scheme at the expense of DACA. It was facilitated with unfortunate ease as a direct consequence of ENB's negligence.

C. **Cabezas' Embezzlement**

12. Intending to exploit the similarity between the name of a company he formed and the name of his employer, Cabezas incorporated Dalkin U.S. Corporation ("Dalkin") in Florida. Use of the word "Dalkin" was pre-mediated and obviously calculated to facilitate his embezzlement scheme.

13. Thereafter, Cabezas opened a bank account at ENB in the name of Dalkin US Corporation. The account number was 402200207 ("Cabezas' Account"). Cabezas concealed its existence. DACA had no knowledge of the existence of this account, did not authorize the opening of this account, and did not have any access to the account.

14. Thereafter, Cabezas successfully implemented his embezzlement scheme, relying measurably and necessarily on ENB's failure to exercise ordinary care in detecting Cabezas' fraud. More specifically, Cabezas fraudulently endorsed checks payable to DACA and often altered the payee (i.e. from Daikin to Dalkin) (together the "Forged Checks").

15. The Forged Checks were fraudulently endorsed by Cabezas for deposit into the Cabezas Account numbered 402200207 at ENB. ENB continually accepted the Forged Checks as genuine and deposited the Forged Checks in Cabezas' Account. As a result, DACA has suffered losses totaling approximately $1,087,183.12.

### D. DACA Discovers the Fraud

16. After hiring a new financial controller, DACA sought to reconcile the "advance receipts - LAO" account. Cabezas frustrated these attempts by withholding information necessary to conduct the reconciliation and providing false excuses as to why he was unable to provide the necessary, requested information.

17. Cabezas did not produce a list of customer balances until November 2006. DACA needed this list to conduct the "advance receipts - LAO" account reconciliation.

18. As part of their efforts to reconcile the "advance receipts – LAO" account, DACA's accounting personnel attempted to determine the actual balance for each customer in the account. In doing so, DACA discovered multiple discrepancies in the account, and exposed Cabezas' efforts to impede discovery of his wrongdoing.

19. In an effort to verify the discrepancies, DACA's accounting personnel requested copies of certain customer checks from customers. Upon receiving them, it was determined that there were no corresponding deposits in DACA's records.

4

20. Following Cabezas' resignation, and upon receiving copies of certain checks from customers, DACA discovered, for the first time, that multiple checks had been altered and improperly deposited into Cabezas' Account at ENB without DACA's knowledge, consent, or authorization.

21. The full extent of DACA's loss was not discovered until approximately March, 2008 while Cabezas was being prosecuted for this embezzlement scheme.[1] To the best of DACA's knowledge, Cabezas embezzled 31 checks during his tenure at DACA.

## COUNT I
## CONVERSION PURSUANT TO SECTION 673.4201

22. DACA realleges each of the allegations set forth in paragraphs 1 through 21 as if fully set forth herein.

23. Under Florida law, a depositary bank is not permitted to accept or make payment with respect to an instrument from a person not entitled to enforce the instrument or receive payment, regardless of the bank's good faith in making such payment.

24. During the relevant time period, for value received, various drawers executed and delivered a number of checks, payable to DACA, as the payee.

25. The relevant checks were delivered to DACA, making DACA the entity entitled to enforce the checks.

---

[1] After hiring an outside investigation firm and realizing that a fraud had been committed, DACA's general counsel notified both the FBI and the Miami Police Department. Thereafter, on January 14, 2008, Cabezas was arrested by the Miami Police Department for grand theft, scheme to defraud and uttering. Specifically, Cabezas was charged with thirty-four (34) criminal counts based on thirty-one (31) Forged Checks deposited at ENB in Cabezas' Account. On or about August 20, 2009, Cabezas executed a plea bargain agreement with the State of Florida.

26. Cabezas was neither entitled to enforce the checks nor receive payment. Yet, ENB nonetheless improperly made payment on those instruments in violation of Florida Statute § 673.4201.

27. After delivery of the checks to DACA, Cabezas forged DACA's signature and/or altered the payee on the checks (from Daikin to Dalkin). ENB then deposited DACA's Forged Checks into Cabezas' Account

28. ENB's payment of DACA's property without authorization, or with fraudulent or forged authorization, was a wrongful taking of property, depriving DACA of its property in the approximate sum of $1,087,183.12.

29. As a result of ENB's violation of Section 674.4201, Florida Statutes, DACA has suffered loses in the amount of $1,087,183.12.

WHEREFORE, DACA demands the entry of judgment in its favor in the amount of $1,087,183.12, together with prejudgment interest, reasonable attorney's fees, costs, and such further relief as this Court deems just and proper.

## COUNT II
## NEGLIGENCE

30. DACA realleges each of the allegations set forth in paragraphs 1 through 21 as if fully set forth herein.

31. At all relevant times, DACA was the rightful owner of the Forged Checks accepted by ENB.

32. At all relevant times, ENB had a duty to exercise ordinary care and to deal with the Forged Checks in a commercially reasonable manner.

33. ENB accepted and made payment on multiple altered checks, with fraudulent endorsements, for a fraudulently created corporation that never conducted legitimate business.

34. ENB failed to exercise ordinary care and failed also to deal with the Forged Checks in a way that was commercially reasonable, thereby facilitating and substantially contributing to the loss of DACA's property.

35. As a result of ENB's negligence, DACA has suffered loses in the amount of $1,087,183.12.

WHEREFORE, DACA demands the entry of judgment in its favor in the amount of $1,087,183.12, plus the costs incurred investigating the embezzlement scheme, together with prejudgment interest, reasonable attorney's fees, costs, and such further relief as this Court deems just and proper.

DATED this 29th day of September, 2009

    Respectfully submitted,

    SQUIRE, SANDERS & DEMPSEY LLP
    Wachovia Financial Center
    200 South Biscayne Boulevard, Suite 4100
    Miami, Florida 33131-2398
    (305) 577-7000 Main Number
    (305) 577-7001 Fax

By: _____
    Alvin B. Davis
    Florida Bar No. 218073
    adavis@ssd.com
    Digna B. French
    Florida Bar No. 0148570
    dfrench@ssd.com

MIAMI/4242836.2

# 09-22928 CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) NOTICE: Attorneys MUST Indicate

FILED by GM D.C.
ELECTRONIC
September 29, 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## I. (a) PLAINTIFFS
DAIKIN AC (AMERICAS), INC., f/k/a Daikin U.S. Corporation

**(b)** County of Residence of First Listed Plaintiff **Delaware**
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
EASTERN NATIONAL HOLDINGS, INC. d/b/a EASTERN NA

County of Residence of First Listed Defendant **Florida**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, And Telephone Number)
Alvin B Davis
Digna B. French
Squire, Sanders and Dempsey L.L.P.
200 South Biscayne Blvd., Suite 4100
Miami, Florida 33131

CIV-MARTINEZ

Attorneys (If Known)

MAGISTRATE JUDGE
BROWN

**(d)** Check County Where Action Arose: ☒ MIAMI-DADE, ☐ MONROE, ☐ BROWARD, ☐ PALM BEACH, ☐ MARTIN, ☐ ST. LUCIE, ☐ INDIAN RIVER, ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

09cv22928-MARTINEZ/BROWN

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ■ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Franchise | | | ☐ 720 Labor/Mgmt Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | | | ☐ 740 Railway Labor Act | | ☐ 892 Economic Stabilization Act |
| | | | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 894 Energy Allocation Act |
| | | | | | ☐ 895 Freedom of Information Act |
| | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **IMMIGRATION** | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Landlord Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 462 Naturalization Application | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 871 RSI - Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 465 Other Immigration Actions | | |
| ☐ 240 Torts to Landlord | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Refiled (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/REFILED CASE(S)
(See instructions second page):
a) Re-filed Case ☐ Yes ☐ No
JUDGE
b) Related Cases ☐ Yes ☐ No
DOCKET NUMBER

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write Brief Statement of Cause (Do Not Cite Jurisdictional Statutes Unless Diversity): 28 U.S.C. §1332(a)(1)
LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 75,000+
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
s/
DATE

FOR OFFICE USE ONLY
AMOUNT $350.00   RECEIPT # 1009144   TFP